## (January 8, 1980)

■ WILLIAMS REAL ESTATE CO., INC., Respondent, v DOUGLAS A. ED-WARDS INCORPORATED et al., Appellants.—Order, Supreme Court, New York County, entered December 26, 1978, which, *inter alia,* denied defendants' motions for summary judgment dismissing the complaint, modified, on the law, with costs and disbursements, to reverse and grant summary judgment dismissing the complaint. Appeal from order, Supreme Court, New York County, entered October 10, 1978, denying defendants' motions to dismiss the complaint, dismissed, as academic, without costs or disbursements. The documentary evidence in this record discloses that on December 13, 1977, defendant Douglas Edwards explicitly conditioned plaintiff's right to a broker's commission upon the execution of the cobrokerage agreement proffered by Douglas Edwards and the execution of a lease approved by Douglas Edwards' principal, Standard Brands or its subsidiary, Julius Wile Sons & Co., Inc. The latter condition was confirmed by Standard Brands' letter of transmittal, dated December 19, 1977, forwarding the sublease, a copy of which letter was sent to plaintiff. The record is clear that plaintiff proposed various amendments and thus never agreed to execute Douglas Edwards' cobrokerage agreement in the form requested. Likewise, Douglas Edwards never agreed to plaintiff's modifications. Moreover, the parties for whom each of the brokers were negotiating never entered into a lease. No triable issues exist and summary judgment should have been granted. Concur—Murphy, P. J., Birns, Sandler and Sullivan, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent and would affirm. As the court at Special Term pointed out, a licensed real estate

broker need not have its compensation agreement in writing (General Obligations Law, § 5-701, subd a, par 10). The plaintiff-respondent had a customer, and by correspondence from and on behalf of the defendants, such customer was acknowledged. Whether there was ever a meeting of the minds, or whether the conditions postulated by the defendants were met, is a matter that should be resolved at a trial.